IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SOUTHWESTERN PENNSYLVANIA LEGAL AID, | |
| Plaintiff, | Civil Action No.: 3:21-cv-00065-KRG |
| v. | |
| TABONE, PHILIP P. L.P., *et al.*, | |
| Defendants. | Hon. Kim R. Gibson |

**PLAINTIFF'S BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO DISMISS DEFENDANTS COUNTERCLAIM AND, *IN THE ALTERNATIVE*, REQUEST A MORE DEFINITE STATEMENT**

NOW COMES Plaintiff Southwestern Pennsylvania Legal Aid, by and through its attorneys Daniel G. Vitek, Kevin Quisenberry and the Community Justice Project, and moves this Honorable Court to dismiss Defendants' counterclaim (ECF Doc. 13) pursuant to Rule 12(b)(1) and (6), or in the alternative, to require Defendants to provide a more definite statement of their counterclaim pursuant to Rule 12(e). In support hereof, Plaintiff states as follows:

1. On April 12, 2021, Plaintiff filed a verified complaint (ECF Doc. 1) against Defendants seeking to remedy Defendants' alleged unlawful housing discrimination practices on the basis of familial status, race, and disability.

1

2. On September 10, 2021, Defendants filed an *Omnibus Answer, Affirmative Defenses, and Counterclaim* (ECF Doc. 13), which set forth a counterclaim pursuant to Rule 11 of the Federal Rules of Civil Procedure, and two Pennsylvania state statutes, 42 Pa.C.S. § 2503 and 42 Pa.C.S. § 8351.

**Rule 12(b)(6): Defendants' counterclaim must be dismissed for failure to state a claim upon which relief can be granted.**

3. Defendants' counterclaim pursuant to Rule 11 is not a proper claim as Rule 11 cannot be asserted as a counterclaim and Defendants failed to provide Plaintiff with 21-days advanced notice, depriving Plaintiff of the "safe harbor" provisions of Rule 11.

4. Defendants' counterclaim pursuant to 42 Pa.C.S. § 2503 is not a proper claim as it is a procedural rule applicable to the Pennsylvania Unified Judicial System and not federal court.

5. Defendants' counterclaim pursuant to 42 Pa.C.S. § 8351 is not a proper claim as Section 8351 cannot be raised as a counterclaim against the currently pending proceeding.

**Rule 12(b)(1): Defendants' counterclaim pursuant to state court claims must be dismissed for lack of subject matter jurisdiction.**

6. Defendants' counterclaim is a permissive counterclaim under Rule 13(b) of the Federal Rules of Civil Procedure and thus requires an independent basis

of jurisdiction. However, Defendants don't have a basis for jurisdiction of their state law causes of action.

### Rule 12(e): Defendants must provide a more definite statement of their counterclaim.

7. Defendants fail to identify which Defendant(s) their counterclaim applies, merely stating that "one or more of the Defendants" should not have been named a defendant(s) by Plaintiff.

8. Defendants fail to state why the unknown Defendant(s) should not have been named as defendant(s) by Plaintiff other than alleging Plaintiff didn't have a "legitimate cause of action" without any factual allegations beyond this conclusory legal term.

9. Therefore, the counterclaim is too vague and ambiguous for Plaintiff to form a proper response.

WHEREFORE, Plaintiff respectfully request that this Honorable Court dismiss Defendants' counterclaim, or, in the alternative, require Defendants to provide a more definite statement of their counterclaim.

Respectfully Submitted:

Date: October 1, 2021

/s/ Daniel G. Vitek
Pa. I.D. No. 209013
dvitek@cjplaw.org

/s/ Kevin Quisenberry
Pa.I.D. No. 90499
kquisenberry@cjplaw.org

Community Justice Project
100 Fifth Avenue, Suite 900
Pittsburgh, PA 15222
(412) 434-6002

4

IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SOUTHWESTERN PENNSYLVANIA LEGAL AID, | |
| Plaintiff, | Civil Action No.: 3:21-cv-00065-KRG |
| v. | |
| TABONE, PHILIP P. L.P., *et al.*, | |
| Defendants. | Hon. Kim R. Gibson |

### CERTIFICATE OF SERVICE

I hereby certify that I did this day cause to be served this Motion by electronic filing on the following:

George R. Farneth II, Esquire

Respectfully Submitted:

Date: October 1, 2021

*/s/ Daniel G. Vitek*
Pa. I.D. No. 209013
dvitek@cjplaw.org

/s/ Kevin Quisenberry
Pa.I.D. No. 90499
kquisenberry@cjplaw.org

Community Justice Project
100 Fifth Avenue, Suite 900
Pittsburgh, PA 15222
(412) 434-6002

5